PROB 12C
(7/93)

Report Date: December 9, 2015

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

12/10/15

SEAN F. McAVOY, CLERK

### Petition for Warrant for Offender Under Supervision

Name of Offender: David D. Spragg                    Case Number: 0980 2:14CR00168-TOR-22

Address of Offender:                         Spokane Valley, Washington 99206

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Court Judge

Date of Original Sentence: August 31, 2015

Original Offense:        Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344 and 1349

Original Sentence:       Prison 1 day;                Type of Supervision: Supervised Release
                         TSR - 36 day

Asst. U.S. Attorney:     George J. C. Jacobs, III     Date Supervision Commenced: September 2, 2015

Defense Attorney:        Federal Defender's Office    Date Supervision Expires: September 1, 2018

---

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. |
| 2 | **Special Condition # 15:** Defendant shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer) as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence**: On November 25, 2015, the undersigned officer received a phone call from Mr. Spragg's primary chemical dependency counselor with New Horizons Treatment Center located in Spokane Valley, Washington. New Horizons staff stated they had received lab confirmation in reference to a urinalysis sample submitted by Mr. Spragg at their facility on November 18, 2015, the results of which were confirmed positive for both methamphetamine and alcohol.

On November 30, 2015, Mr. Spragg reported to U.S. Probation to address the aforementioned positive urinalysis sample, at which time Mr. Spragg admitted to using methamphetamine approximately three to four times since being out of prison. Mr. Spragg

further stated that he could have been drinking as well, but he did not consider it drinking as he did not become drunk.

On December 7, 2015, the undersigned officer again received notification from New Horizon's Treatment staff, that Mr. Spragg had again submitted to a urinalysis sample at their facility on December 1, 2015, that had been confirmed as positive by their lab. Mr. Spragg was contacted by telephone on December 7, 2015, at which time he admitted to using methamphetamine on November 30, 2015.

On December 8, 2015, the undersigned officer received notification from Alcohol Drug Education Prevention and Treatment (ADEPT) that Mr. Spragg had reported to their facility on December 7, 2015, and provided a urinalysis sample for testing that was presumptive positive for amphetamine. Mr. Spragg reported to U.S. Probation on December 8, 2015, and admitted to using again on December 2 or 3, 2015.  Mr. Spragg stated that he has used twice in the last week which resulted in both his positive urinalysis tests with New Horizons and his positive test with ADEPT.

3      **Standard Condition # 6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: On November 27, 2015, after learning of Mr. Spragg's relapse, the undersigned officer attempted a phone call to his residence. The undersigned officer was able to speak with Mr. Spragg's father who stated that the offender had not been at the residence in approximately 1 week, and he did not have a method for contacting him as he was not answering his cell phone. Mr. Spragg did report to U.S. Probation on November 30, 2015, and admitted to staying with his girlfriend for a period of time, that he defined as 3-4 days.  This is now the second time that this behavior has been addressed by the undersigned officer, as  Mr. Spragg was verbally reprimanded by the undersigned officer on October 28, 2015, for staying at his girlfriend's residence without providing proper notification to the undersigned officer. Ms. Spragg was unable to provide a  reason as to why he again refused to provide this information to U.S. Probation as required, and as previously directed by the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

|              |                    |
|--------------|--------------------|
| Executed on: | December 9, 2015   |
|              | s/ Chris Heinen    |
|              | Chris Heinen       |
|              | U.S. Probation Officer |

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_Thomas O. Rice_
Signature of Judicial Officer

December 10, 2015
Date